IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA PARKS o/b/o K.D. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE | : | NO.  08-4641 |

**MEMORANDUM**

**Padova, J.**                                                                                                      **March 18, 2010**

Plaintiff Lisa Parks brought this action on behalf of her minor child, K.D., pursuant to 42

U.S.C. § 1383(c)(3), seeking judicial review of the decision of the Commissioner of the Social

Security Administration, Michael Astrue ("Commissioner"), denying her claim for Supplemental

Security Income ("SSI") benefits under Title XVI of the Social Security Act.  After Plaintiff filed

a Request for Review of the decision denying her claim for SSI benefits, we referred the matter to

Magistrate Judge Lynne A. Sitarski, who issued a Report and Recommendation ("R & R") that

Plaintiff's Request be denied and that judgment be entered in favor of the Commissioner.  Plaintiff

filed timely objections to the R & R.  For the reasons that follow, we overrule Plaintiff's objections

and approve and adopt Magistrate Judge Sitarski's R & R.

**I.      BACKGROUND**

This proceeding arises from the denial of Plaintiff's April 10, 2003 application for SSI

benefits on behalf of K.D., who was then approximately seven years old, based upon a disability

dating from August 1, 2001.[1]    (R. at 124-30.)    Plaintiff alleged in the application that K.D. was

disabled as a result of asthma, behavior problems, and attention deficit hyperactivity disorder

---

[1]Plaintiff had previously filed an application for SSI benefits on K.D.'s behalf on August 23, 2001, alleging that K.D. was disabled as a result of asthma.  (R. at 122-123.)  That application was denied by the Social Security Administration on January 14, 2002 because the medical evidence showed that K.D.'s asthma was "well controlled with medication."  (Id. at 73.)

("ADHD"). (Id. at 77.) This application was denied by the Social Security Administration on July

28, 2003 because the medical evidence showed that K.D. had been treated for his conditions, did not

require frequent hospitalization for his asthma, was in a regular classroom with extra assistance, and

was able to do age-appropriate activities. (Id.) Plaintiff appealed and an Administrative Law Judge

("ALJ") held a hearing on May 12, 2004. (Id. at 43-56.) The ALJ denied Plaintiff's application on

June 14, 2004. (Id. at 62-72.) Plaintiff requested review by the Appeals Council, which remanded

the application to the ALJ on March 7, 2006. (Id. at 100, 110-12.) The ALJ held a second hearing

on April 26, 2006. (Id. at 29-42.) The ALJ denied Plaintiff's application for a second time on July

27, 2006. (Id. at 12-27.)

The ALJ made the following findings on July 27, 2006[2]: (1) K.D. was a school-age child

when the application was filed and at the time of the decision; (2) K.D. was 10 years old and had not

engaged in substantial gainful activity at any relevant time; (3) K.D. had the severe impairments of

asthma and ADHD; and (4) K.D. did not "have an impairment or combination of impairments that

---

[2]"To qualify for SSI, a child must be disabled under the Social Security Act." Sykes v. Barnhart, 84 F. App'x 210, 213 (3d Cir. 2003). Pursuant to the Act, a child under age 18 "is disabled if s/he 'has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (citing 42 U.S.C. § 1382c(a)(3)(C)(I)). Childhood disability is determined pursuant to a three-step sequential process in which the Commissioner considers: "(1) whether the child is doing substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1." Id. (citing 20 C.F.R. § 416.924). To determine whether a child's severe impairment functionally equals the listings for an impairment, the Commissioner examines whether the child's impairment results "in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain . . . ." 20 C.F.R. § 416.926a(a). The domains of functioning are: "(i) [a]cquiring and using information; (ii) [a]ttending and completing tasks; (iii) [i]nteracting and relating with others; (iv) [m]oving about and manipulating objects; (v) [c]aring for yourself; and, (vi) [h]ealth and physical well-being. 20 C.F.R. § 416.926a(b)(1).

functionally equals the listings . . . ." (Id. at 17.)  The ALJ reviewed K.D.'s functional limitations in each of the six functional domains and found that he had (1) a moderate, but less than marked, limitation in acquiring and using information, with the expectation that he would improve in this area with the provision of additional learning services (id. at 23); (2) a less than marked limitation in attending and completing tasks (id. at 24); (3) marked limitations in interacting with and relating to others (id. at 25); (4) no limitation in moving about and manipulating objects (id. at 26); (5) no limitation in caring for himself (id.); and (6) no limitation in health and physical well-being, as his asthma was under good control (id. at 27.).

Plaintiff sought review of the ALJ's July 27, 2006 decision.  (Id. at 11.)  The Appeals Council denied review on July 28, 2008. (Id. at 6-8.)  Plaintiff filed the instant action on September 24, 2008, and maintains that the ALJ erred by failing to find that K.D. had a marked limitation in his ability to acquire and use information or, in the alternative, by failing to find that K.D. had an extreme limitation in his ability to interact with and relate to others. (Pl.'s Br. at 4.)  In support of her arguments, Plaintiff placed significant emphasis on behavioral assessments, psychological evaluations, and other tests of K.D. that were performed after the ALJ issued his decision (the "new evidence").  (Id. at 9-12.)

The Magistrate Judge declined to review the new evidence and recommended that the new evidence did not warrant a remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g)[3] (a "sentence six remand").  After reviewing evidence which had been of record before the

_____

[3]The sixth sentence of 42 U.S.C. § 405(g) provides that the district court may remand a social security appeal to the Commissioner for consideration of new evidence where the plaintiff has shown that the new evidence is material and that "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

ALJ in detail, the Magistrate Judge recommended that the ALJ properly found that K.D. had only a marked limitation in interacting and relating with others and had a less than marked limitation in acquiring and using information, and consequently recommended that we deny Plaintiff's request for review. Plaintiff objects only to the Magistrate Judge's failure to consider the new evidence and recommendation that the new evidence does not warrant a sentence six remand to the Commissioner.[4]

## II.    STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (citing 42 U.S.C. § 405(g) and Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 552 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)). "It is 'more than a mere scintilla [of evidence] but may be less than a preponderance.'" Id. (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971)). The ALJ's legal conclusions are subject to plenary review. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (citing Krystoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995)).

We review de novo those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). We may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id.

---

[4]The sixth sentence of 42 U.S.C. § 405(g) provides in relevant part that the district court may remand a Social Security appeal to the Commissioner for consideration of new evidence where the plaintiff has shown that the new evidence is material and that "there is good cause for the failure to incorporate such evidence into the record of the prior proceeding . . . ."

**III.    DISCUSSION**

      A.      <u>Consideration of the New Evidence</u>

Plaintiff contends that the Magistrate Judge erred in failing to consider the new evidence, which she had submitted to the Appeals Council but had not submitted to the ALJ.  With one exception, Plaintiff acquired the new evidence during the period following the ALJ's July 27, 2006 decision denying SSI benefits to K.D., and prior to the Appeals Council's July 28, 2008 decision denying her request for review of the ALJ's decision.[5]  (<u>See</u> R. at 613-742.)  It has long been the rule in this Circuit that "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." <u>Mathews v. Apfel</u>, 239 F.3d 589, 594 (3d.Cir. 2001) (citing <u>Jones v. Sullivan</u>, 954 F.2d 125, 128 (3d Cir. 1991)).  We conclude that the Magistrate Judge properly declined to consider evidence that had not been submitted to the ALJ in her analysis of Plaintiff's Request for Review.  Plaintiff's objection to the Magistrate Judge's failure to consider the new evidence is, accordingly, overruled.

      B.      <u>Sentence Six Remand</u>

Plaintiff also objects to the Magistrate Judge's recommendation that the new evidence does not warrant a sentence six remand in this case.  We consider four factors in determining whether a matter should be remanded to the Commissioner for the consideration of new evidence pursuant to sentence six:

> First, the evidence must be new and not merely cumulative of what is already in the record.  Second, the evidence must be material,

---

[5]The one exception is a letter from Plaintiff's then attorney to the Appeals Council dated February 17, 2006.  (R. at 712-14.) This letter summarizes K.D.'s 2004 and 2005 IEPs and evaluations of K.D. performed in 2005, these documents were part of the record before the ALJ and are not new evidence. (<u>See</u> R. at 292-336, 570-94, 598-600.)

relevant and probative.  Third, there must exist a reasonable probability that the new evidence would have caused the Commissioner to reach a different conclusion.  Fourth, the claimant must show good cause as to why the evidence was not incorporated into the earlier administrative record.

Scatorchia v. Comm'r of Soc. Sec., 137 F. App'x 468, 472 (3d Cir. 2005) (citing Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985)).

Plaintiff contends that the evidence at issue is new and that good cause exists for her failure to submit it to the ALJ because it is comprised of "reports and examinations that occurred after the second ALJ decision and before the Appeals Council decision denying [K.D.] benefits, i.e., they were not in existence and therefore not available to be submitted prior to the ALJ's close of the record."  (Pl.'s Written Objections at 2, emphasis omitted.)   Plaintiff also maintains that this evidence is material because it reveals "a continuing downward spiral in [K.D.'s] mental health and in his behavioral well being to the extent that his condition satisfies the Listing requirements . . . ." (Id.)

Plaintiff has, however, ignored an important aspect of the materiality inquiry.  In order to be material, "the evidence must relate to the time period for which benefits were denied and 'must not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'"  Shuter v. Astrue, 537 F. Supp. 2d 752, 757 (E.D. Pa. 2008) (quoting Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984)).  The new evidence consists of evaluations of K.D. that were performed after the ALJ made his July 27, 2006 decision and that pertain to K.D.'s condition after July 27, 2006.  (R. at 613-742.)  Moreover, Plaintiff does not argue that these reports and examinations relate to K.D.'s condition prior to the July 27, 2006 decision, but contends that they are material because they "reveal a continuing downward spiral" in

his condition.  (Pl.'s Written Objections at 2.)  Evidence of a subsequent deterioration of K.D.'s condition is not material for purposes of a sentence six remand.  See Szubak, 745 F.2d at 833 (citing Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir. 1982)).  We conclude, therefore, that Plaintiff has failed to satisfy all four of the requirements for a sentence six remand.  Plaintiff's objection to the Magistrate Judge's recommendation that the new evidence does not warrant a sentence six remand is, accordingly, overruled.

## IV.  CONCLUSION

For the foregoing reasons, we overrule Plaintiff's objections to Magistrate Judge Sitarski's R & R and approve and adopt the R & R in its entirety, including its ultimate recommendation that Plaintiff's request for a remand be denied.  As a result, we deny Plaintiff's Request for Review.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.